MALONEY *vs.* DOANE.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

An action of damages for malicious prosecution and false imprisonment,
   should not be maintained without clear proof of *malice* and the *absence*
   of probable cause of guilt.

Whether the defendant disclosed the grounds of his belief in his affidavit,
   charging the plaintiff with a criminal offence, is immaterial. In an action
   of damages for malicious prosecution, &c., he will be permitted to show
   his motives, and the absence of malice.

This is an action of damages, for malicious prosecution
and false imprisonment.

The plaintiff charges the defendant with having, on the
14th July, 1836, maliciously, wickedly, and with the intention
of injuring him, in his good name and character, caused him
to be imprisoned for a long time, on a false and groundless
charge of harboring his slave.    That with a view to oppress
and injure him, the said defendant, without any reasonable or
probable cause, went before the Recorder of the Second Muni-
cipality and made oath, that your petitioner enticed away and
harbored his (defendant's) slave, by reason of which he was
imprisoned for the space of five months, at the expiration of
which time he was fully acquitted of said offence and duly
discharged.    He alleges, that by reason of said oppression,
injury, and imprisonment, he has suffered damage in his
credit, character, business and expenses, to the amount of
five thousand dollars ; and to obtain redress, he prays for a
trial before a jury, and that the defendant be condemned to
make reparation in damages.

The defendant admitted, he had charged the plaintiff with
enticing away and harboring a certain negress slave belong-
ing to him, but denied that the charge was maliciously or
wickedly made, and without any probable cause ; that he
had at the time, and still has, good reasons for believing that
his slave had been enticed away and harbored, as charged
against the plaintiff.    He sets up a demand in reconvention,

on the ground that this suit is vexatious and intended to harrass him, and prays that the plaintiffs' demand be rejected, and that he have judgment over against him for one thousand dollars in damages.

Upon these pleadings and issues the parties went to trial.

The proceedings before the Recorder, arresting and imprisoning the plaintiff, were read in evidence, together with an anonymous letter which had been filed in these proceedings by the defendant, on procuring the arrest. At the foot of the writ of commitment was written *a discharge*, five months afterwards, and signed by the clerk of the Criminal Court.

The anonymous letter purported to be addressed to one Jones, at the corner of Campana and Juliet streets, charging him with cruelly whipping and maltreating the servant girl Eliza, who appears to be the one charged with being harbored by the plaintiff. This letter was found under the defendant's door, who, it appears was owner of the slave in question. The letter states that she was out of his reach and he had better sell her as she was; that there were friends who would buy her, to get her clear of bad treatment, &c. The defendant offered two witnesses, who told him before he arrested the plaintiff, they had seen the plaintiff write, and knew his hand-writing, and that this anonymous letter was in his hand-writing, and which induced him to proceed against plaintiff. His counsel objected to this evidence, because no such grounds of belief or inducement were set forth in the defendant's affidavit before the Recorder, in order to obtain the plaintiff's arrest and commitment. The court rejected the testimony and the defendant's counsel took a bill of exceptions. He also took exceptions to the charge of the judge to the jury.

There was a verdict and judgment of five hundred dollars for the plaintiff, and the defendant appealed.

*Worthington*, for the plaintiff, urged the affirmance of judgment.

*F. B. Conrad*, contra, insisted that judgment must be reversed.

1. The court erred in refusing to charge the jury that the plaintiff was not entitled to a verdict, unless he showed an acquittal by a jury from the charge upon which he was prosecuted. He had alleged an acquittal in his petition; and the allegation and proof in support of it, are absolutely necessary to entitle him to a verdict. A *nolle prosequi* by the Attorney General, even had it been proved, is not sufficient. 2 *Starkie on Evidence*, 907; *ibid.*, 918; 2 *Phillips on Evidence*, 111; 1 *Salkeld's Reports*, 21.

2. There was error greatly to the injury of the defendant, in rejecting the testimony of witnesses, as to the information they gave defendant, *prior to the prosecution.* The evidence should have gone to the jury for the purpose of rebutting the inference of malice, and to show probable cause. 2 *Starkie on Evidence*, 915; *ibid.*, 921--2. See case of *Snow* vs. *Allen*, 2 *English Common Law Reports*, 485.

3. The court also erred in refusing to charge that the judgment of the Recorder, remanding the plaintiff for his tria. on the charge was, in the absence of an acquittal, conclusive, at least as regards the questions of malice and want of probable cause. 15 *Massachusetts Reports*, 243.

4. That the verdict is clearly contrary to law and the evidence. Such an action cannot be maintained, unless malice and want of probable cause be clearly established. Both must be proved by the plaintiff. If such a prosecution be commenced through malice on the part of the prosecutor, but he had probable cause for his charge, the action cannot be sustained. On the other hand, if he had no probable cause, and acted not maliciously, but ignorantly, still there is no claim for damages. 2 *Washington, C. C. Reports*, 463; 3 *ibid.*, 36; 9 *East*, 361; 2 *Starkie's Evidence*, 913; 2 *Phillips' Evidence*, 113; 5 *Louisiana Reports*, 318. There is no proof of malice in the record, and the inference is rebutted by abundant proof of probable cause.

*Bullard, J.*, delivered the opinion of the court.

The plaintiff alleges, that the defendant, contriving and wickedly and maliciously intending to injure him, and with-

out any reasonable or probable cause, charged him on oath before the Recorder of the Second Municipality, with having enticed away and harbored a slave belonging to him. That he was in consequence arrested and kept in prison for a long time, and finally duly discharged and fully acquitted of said offence. He claims five thousand dollars damages for such malicious prosecution and false imprisonment. There was a verdict for the plaintiff for five hundred dollars, and the defendant appealed.

EASTERN DIST.
*April,* 1840.

MALONEY
*vs.*
DOANE.

The defendant admitted that he instituted a prosecution against the plaintiff for enticing away and harboring his female slave, but he denies that he was actuated by malice, but avers that he had sufficient probable cause.

The public interest and the proper administration of justice in criminal matters, require that such actions as the present should not be maintained without clear proof of malice and the absence of probable cause.

The court, in our opinion, erred in refusing the defendant permission to prove, by two witnesses, that they had stated to him, before he instituted the prosecution against the plaintiff, that a certain anonymous letter, which had been read in evidence by plaintiff's counsel, was in their opinion in the hand-writing of the plaintiff. Such evidence was objected to on the ground that no such grounds of belief were set forth in the defendant's affidavit before the Recorder. Whether the defendant disclosed the grounds of his belief or not, at the inception of the prosecution, does not in our opinion vary the case. He ought to be permitted to show his motives and the absence of malice.

An action of damages for malicious prosecution and false imprisonment, should not be maintained, without clear proof of *malice* and the *absence* of probable cause of guilt.

Whether the defendant disclosed the grounds of his belief in his affidavit, charging the plaintiff with a criminal offence, is immaterial. In an action of damages for malicious prosecution, &c, he will be permitted to show his motives, and the absence of malice.

Justice, we think, requires that the case should be remanded for a new trial.

It is, therefore, ordered and decreed, that the judgment of the District Court be annulled and reversed, the verdict set aside, and that the case be remanded for a new trial, the appellee paying the costs of the appeal.