The opinion of the court was delivered by
Watkins, J.
This is an action in damages for a malicious prosecution — plaintiff’s demand being for |21C0, subdivided and apportioned as follows, viz.:
1. One thousand dollars actual damages suffered during the eleven months while the criminal prosecution was pending against him, by reason of mental anxiety and distress, humiliation, annoyance and mortification.
2. One thousand dollars punitory damages for the abuse of legal process without probable cause and with malice, in order to vex, harass and humiliate the plaintiff.
3. One hundred dollars paid and expended by the plaintiff for the defence of the aforesaid criminal proceeding.
The petition contains the essential averment of malice, want of probable cause, and the termination of the prosecution by a nolle prosequi duly entered; and the defendant’s answer is a general denial, coupled with a specific denial of there having been any element of malice in the aforesaid prosecution, and with the distinct averment that he had probable cause for having sworn out an affidavit against the plaintiff, and in procuring his arrest as he did, and hence plaintiff is not entitled to recover against him.
The case was tried by the judge, who rendered a judgment in favor of the defendant, and the plaintiff has appealed.
The facts necessary to be recited are the following, viz.:
The plaintiff and defendant owned and occupied — the latter through a tenant — adjoining properties situated on St. Bernard avenue, in the city of New Orleans, and in the rear of which a new street, to be styled New Orleans street, was contemplated and had been for many years in contemplation, though not formally opened or regularly established by dedication to public use or otherwise.
The defendant acquired the property he occupied, in 1871, by a *1268 title which made no mention of New Orleans street — the square or block in which same was situated having assigned St. Bernard avenue, Claiborne, Prosper and St. Bernard streets as its boundaries.
In anticipation of the opening of the contemplated street some of the adjacent proprietors built their rear fences in such wise as to leave sufficient space for a street, whilst others — and the defendant among the number — had refrained from doing so.
The plaintiff built in 1880, on his lot, a house having its front on what was contemplated to be New Orleans street, and its rear on St. Bernard avenue — that of defendant having been built with its front on St. Bernard avenue and its rear near the contemplated street, that is to say sixteen (16) feet and eleven (11) inches inside of the rear line of his lot, so as to leave enough space for the contemplated street when it should be opened.
But, in the meanwhile, he built his fence on the side of his lot adjoining the plaintiff, so as to enclose the space comprised within the said sixteen (16) feet, and jive (S') inches above mentioned, with a view to protect the rear portion of his lot from any appearance of a dedication to public use — leaving open a passage of about five or six feet in width only, so as to permit the passage of pedestrians, but to exclude cattle and vehicles.
Some years later the defendant, having discovered that people were attempting to pass their vehicles through the space he had left open for pedestrians, partly closed the same, leaving only a space of four feet. Thereupon the plaintiff repaired to the premises, and, without any warrant or process of law, demolished that portion of the fence the defendant had recently built. After taking legal advice in the premises the defendant made an affidavit before an officer of .the law, charging the plaintiff with having committed a trespass under the provisions of R. S., Sec. 818, and procured his arrest.
Acting under the advice of counsel the defendant rebuilt his fence, and again the plaintiff, notwithstanding his being under bond for his appearance to answer the aforesaid charge, broke down the entire fence, old as well as new, and within a few minutes after it had been re-established.
Again the defendant sought legal advice, and again made affidavit under said section of the statutes. Subsequently a preliminary examination was held before a recorder of the city, and upon hearing the evidence pro and con he committed him to the Criminal District *1269 Oourt. Subsequently the prosecuting attorney filed an information against the plaintiff, but ascertaining same to be defective he entered a nolle prosequi, for the purpose of recasting the bill. Thereafter the prosecution was renewed by the filing of another information— hence the plaintiff was twice arraigned. This second information was subsequently nolle prosequied likewise, and the plaintiff was not subsequently prosecuted.
Throughout all of these proceedings there is nothing to connect the defendant with them in anyway, or at'any time subsequent to the trial before the recorder. It does not appear that he in way influenced or procured the discontinuance of same.
On this state of facts we are of opinion that the case was correctly disposed of in the court below; for it is settled beyond any contro- • versy that, in order that the plaintiff may recover damages for a malicious prosecution, he should prove that the defendant’s motives were malicious and that the prosecution was instituted without probable cause.
The case of Girot vs. Graham, 41 An. 511, was quite a similar case, though not as strong a one for the plaintiff, same having arisen out of a controversy between the two proprietors of contiguous urban lots in the city of New Orleans on a portion of the dividing line between which no fence had been erected.
After giving the plaintiff notice, the defendant, with the assistance of a surveyor, was proceeding to establish an enclosure on what he had been informed was the dividing line, the plaintiff complaining that it encroached somewhat upon his line. Plaintiff then began to close the space the defendant had left open, but subsequently undertook to have it removed further off, to what he had been advised was the proper boundary. While the plaintiff’s force was thus engaged, the defendant appeared, remonstrated against the removal of the fence, and attempted to demolish it by force. Thereupon the defendant caused the plaintiff’s arrest and made an affidavit against him, and the plaintiff retaliated by making a counter affidavit, and on the trial both parties were discharged.
On this state of facts the opinion of the court says: ‘ ‘ The record fails to show malice and want of probable cause, which are essential ingredients in controversies of this kind, on the part of either party, who, under the circumstances, had authority to believe, in good faith, that he had the right to do what he had done — the *1270 plaintiff to remove the fence, the defendant to protest against the displacement and to invoke the law. It is the malice composed of bad feeling and the knowledge of having no just cause of action which create liability. Kearney vs. Holmes, 6 An. 373.
“Public interest and a proper administration of justice require that actions for a malicious prosecution should not be maintained without clear proof of malice and want of probable cause. Maloney vs. Doone, 15 La. 278; McCormick vs. Conway, 12 An. 53.”
The essential and distinguishing difference between this case and that of Girot’s case is, that Gamier did not seek or obtain legal advice relative to his right to remove the fence of Bernard, but, upon his own motion, demolished same. When the latter caused the former’s arrest he was, after due examination, committed, and was subsequently twice regularly indicted.
On the authority of that case, and the opinions that are therein cited, we feel bound to maintain the correctness of the judgment appealed from.
As this court properly observed in an old case: “ It would be of the worst example to punish this defendant for resorting to law for the protection of his rights rather than taking the chances of a resort to arms, or tamely abandoning the field to an usurper.” Lisk vs. Mathias, 11 An. 419. See also to the same effect, Godfrey vs. Soniat, 33 An. 915; Coleman vs. Insurance Co., 36 An. 92; and Deormond vs. St. Amand, 40 An. 374.
Judgment affirmed.