(37 South. 865.)

No. 15,249.

SUNDMAKER v. GAUDET et al.

(Jan. 16, 1905.)

MALICIOUS PROSECUTION — PROBABLE CAUSE— EVIDENCE.

1. In a suit for damages for false imprisonment and malicious prosecution, plaintiff must show that he was arrested at the instance or instigation of the defendant, and that the latter acted maliciously, and that there was no probable cause for the prosecution. When it is shown that the prosecution was without probable cause, malice is usually inferred. An acquittal, per se, is not sufficient evidence of want of probable cause.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Thomas C. W. Ellis, Judge.

Action by John H. Sundmaker against J. A. Gaudet and Henry Lambert. Action dismissed as to Lambert. Judgment in favor of defendant Gaudet, and plaintiff appeals. Affirmed.

A. E. & O. S. Livaudais, for appellant. Dart & Kernan, for appellee.

LAND, J. Plaintiff sued J. A. Gaudet and Henry Lambert for damages for false imprisonment and malicious prosecution. The suit as against Lambert was dismissed on exception to the jurisdiction of the court ratione personæ, said defendant being a resident of another parish. Gaudet filed an exception of no cause of action, which was overruled, and then he pleaded the general issue. The case was tried before the judge a quo without a jury, and there was judgment in favor of the defendant Gaudet. Plaintiff appealed.

On May 31, 1901, 12 valuable cows belonging to Gaudet were stolen from his pasture in the parish of Jefferson. An employé named Lambert notified Gaudet on the next day that the cows were missing. Lambert was instructed to institute a search for the animals. On the same day Gaudet found 11 of his cows at the stock landing, where they had been driven by the thieves for the purpose of sale. A little later he received a telephone message from Lambert to the effect that he believed that the remaining cow was in a stable on Carrolton avenue, and that he had called to see about it, but the people in charge refused to give him any information on the subject. Gaudet thereupon consulted his regular attorney, and was advised to lay the matter before the police authorities. He did so, and was instructed by the captain of police to go with Lambert to the stable in question, the officer promising to follow immediately. On the arrival of all the parties, they were told that the cow was in the stable, and the animal was identified and finally turned over to the owner. The captain of police took charge of the whole matter, and under his instructions several negroes about the premises were arrested and questioned. On information thus obtained, the captain of police ordered the arrest of a son of the plaintiff, and, on the latter's interfering, a fracas ensued, and he was beaten and arrested on a charge of resisting an officer. He was subsequently convicted and fined for the offense.

Gaudet communicated to his attorney the information he had received from Lambert, and in good faith, following the advice of counsel, laid the matter before the police captain, who acted thereafter on his own judgment and official responsibility. The first arrest of plaintiff was due to his own conduct.

He was subsequently arrested at the instance of the sheriff of the parish of Jeffer-

son, and on that officer's affidavit charging that plaintiff was guilty of receiving stolen property and was a fugitive from justice. On the same day the sheriff of Jefferson caused Henry Lambert to sign an affidavit charging plaintiff and others with the larceny of the 12 cows.

One of the parties so charged was convicted and sent to the penitentiary. The plaintiff, after a preliminary examination, was committed for trial, and on trial before a jury was acquitted.

The defendant Gaudet communicated to the sheriff of Jefferson all the facts of the case within his knowledge, attended the trial of the case as a witness, and promised to contribute towards the payment of the fee of the attorney who had been employed by other cattle owners to assist the district attorney in the prosecution.

Gaudet testified that he had nothing whatever to do with the affidavit made by Lambert.

The sheriff testified that in making his investigation he was not at all influenced by Gaudet, but acted on his own responsibility after examining the negroes arrested at the stable. He further stated that, if Lambert had not made the affidavit, he would have done so from information received.

Gaudet knew nothing beyond the facts that his cows had been stolen, and one of them found on the next day in the stable of the plaintiff. The specially incriminating evidence came from supposed accomplices under arrest. This influenced the prosecution.

The state must have made out a prima facie case, since plaintiff was committed on the preliminary examination and an information was filed.

Plaintiff's whole case rests on the proposition that the defendant Gaudet instigated a malicious prosecution against the plaintiff. We think that such an assumption is repelled by the positive evidence that the arrest and prosecution of plaintiff was not initiated at the request of Gaudet or on any information furnished by him for that purpose.

We have carefully considered all the evidence in the case, and, conceding that plaintiff instigated the prosecution, we concur with the district judge that the prosecution was not without probable cause.

The cow had been stolen, and on the next day was found in plaintiff's stable. Defendant's employé was told that he could not see the animal. A negro found on the premises told the sheriff of the parish of Jefferson that plaintiff and his son were implicated in the larceny. The district judge held that the state's evidence was sufficient to warrant the commitment of plaintiff. The district attorney found the same evidence sufficient to sustain an information.

We may therefore conclude that plaintiff was innocent, and at the same time hold that defendant was justified legally and morally in whatever action he took in the prosecution, under the facts and the circumstances as they appeared to him.

There is no proof of malice in this case, and it can be inferred only where there is proof of want of probable cause. An acquittal, or even subsequent proof of complete innocence, is not sufficient evidence per se of want of probable cause. Grant v. Deuel, 3 Rob. 17, 38 Am. Dec. 228.

Judgment affirmed.