(84 South. 786)

No. 23736.

ESTRADA v. KREEGER STORE, Inc.

(May 3, 1920. Rehearing Denied May 31, 1920.)

*(Syllabus by Editorial Staff.)*

1. **Malicious prosecution** ⬤⇒49—**Petition held not to allege want of probable cause.**

In an action for malicious prosecution, petition alleging that the arrest of plaintiff was "unwarranted and unjust," and that the prosecution was "unfounded and malicious," *held* insufficient, in that it failed to allege want of probable cause.

2. **Pleading** ⬤⇒8(3)—**Allegations that prosecution was unjust, unfounded, and unwarranted held mere legal conclusions.**

Allegations that prosecution was "unjust," "unfounded," and "unwarranted" *held* not sufficient pleading of want of probable cause; such words being mere legal conclusions.

3. **Malicious prosecution** ⬤⇒16 — **One having probable cause is not liable, though he acted with malice.**

If there is probable cause for the prosecution, or if the accused is convicted, defendant is not liable, though he acted with malice.

4. **Malicious prosecution** ⬤⇒56 — **Probable cause presumed.**

In an action for malicious prosecution, defendant will be presumed to have acted with just or probable cause.

5. **Malicious prosecution** ⬤⇒49—**Petition must allege want of probable cause.**

Petition, to state a cause of action for malicious prosecution, must allege the negative fact that defendant acted without probable cause, and though it is unnecessary that those precise words be used, such facts must be alleged as will clearly and fairly show that the action of the defendant was without any probable foundation.

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by Joseph Estrada against the Kreeger Store, Incorporated. Judgment of dismissal, and plaintiff appeals. Affirmed.

Jose A. Morales, of New Orleans, for appellant.

Lazarus, Michel & Lazarus, of New Orleans (Herbert S. Weil, of New Orleans, of counsel), for appellee.

DAWKINS, J. Plaintiff alleges that he was employed by the defendant to deliver packages from its store in the city of New Orleans; that by mistake he delivered two packages to the wrong address; that he was notified by means of a telephone message directed to his home in his absence of the loss of said packages, and that before he had time to check up the list and locate the same his home was invaded and trespassed upon, and petitioner was taken into custody by two city policemen sent there at the direction and instigation of the defendant; that he was incarcerated in the city prison and held there for several hours, finally being released on bond in the sum of $250, with instructions to appear next day by those in charge of the police station; that at the time of his arrest and incarceration there had been no charge made against him, and that he was told, and so believing alleges, that he was accused of having stolen a package of the value of $33.85; and that his arrest and incarceration were caused by defendant through its duly authorized agents. Plaintiff further alleges that on March 13, 1919, defendant appeared, through its duly authorized agent, in the second recorder's court of said city, and made an affidavit charging petitioner with being a dangerous and suspicious character, a certified copy of which it is alleged is annexed to the petition. The petition further alleges as follows:

"VII. Petitioner further avers that under said charge presented against him in said second recorder's court, founded upon malicious and unwarranted accusations, made by the said defendant herein, through its duly authorized agent, he was brought before said court and publicly tried on March 18, 1919, and was honorably acquitted by the judge presiding, and that the judgment therein is now final.

"VIII. Petitioner charges that had he been

given time by defendant herein and had he been furnished with a list of the said customers by defendant herein, which list was denied to him, he would have been in a position to locate the whereabouts of said package which had been mistakenly delivered to the wrong address.

"IX. Petitioner especially alleges that he is an honest industrious and hard-working man and a father of a family, being born and raised in this city, where he had always demeaned himself so as to insure and win the esteem and respect of his neighbors and of all those with whom he has had social relations.

"X. Petitioner alleges that as a result of his unwarranted and unjust arrest and incarceration, caused by defendant herein, the facts were widely published by the local press to his great injury and annoyance, and mental and moral sufferings, as will more fully appear from the newspaper clippings hereto attached.

"XI. That in consequence of this unfounded and malicious prosecution he has suffered anxiety, physical and moral sufferings, caused by the aspersion upon his good name, character, and reputation, under such disgraceful accusations, in the sum of $2,500."

He further alleges that in consequence of his incarceration and deprivation of his liberty, physical discomfort, etc., he has been damaged in the further sum of $2,500, and that he was compelled to furnish bonds and employ counsel at an additional expense of $50. Plaintiff also claims punitory or exemplary damages in the further sum of $5,000.

Defendant filed a motion asking for oyer of the affidavit alleged to have been annexed to the petition, and in response thereto plaintiff produced an affidavit signed by "Off. R. B. Acomb," charging plaintiff with the violation of "C. O. 1436 N. C. S. Rel. to Dangerous and Suspicious Characters." It appears to be conceded that Acomb was a police officer, and the indorsements on the affidavit show that the plaintiff was discharged on March 18, 1919.

Defendant then filed exceptions as follows:

"(1) That said petition is too vague, general, and indefinite to permit respondent safely to plead thereto.

"(2) And even if said petition were amplified in the parts thereof that are vague and indefinite, the same would fail, as it does now fail to set forth any right or cause of action against exceptor."

The lower court sustained the exception of no cause of action without mentioning the plea of vagueness, and plaintiff has appealed.

### ·Opinion.

[1-5] It appears to be conceded that the petition contains all of the essential averments of an action for malicious prosecution, save and except the charge that defendant acted without probable cause. It will be seen from the paragraphs of the petition quoted above that it nowhere, either specifically or impliedly or in general terms, alleges that the defendant acted without probable cause. It is true that the words "unjust," "unfounded," and "unwarranted" are used in denouncing the conduct of defendant, but those are mere legal conclusions of the pleader or criticisms of the course of defendant. Neither is the charge that the prosecution was "malicious" sufficient, for the defendant might have acted with all of the venom and malice of which the human mind is capable; yet if plaintiff had been guilty and convicted, or if there had been probable cause for the prosecution, this would not have rendered it liable in damages. The presumption of law is that the defendant acted with just or probable cause. Mosley v. Yearwood, 48 La. Ann. 334, 19 South. 274. It was necessary, therefore, in order to state a cause of action, that the petitioner allege the negative fact that the defendant acted without probable cause. Murphy v. Redler, 16 La. Ann. 1; Dickinson v. Maynard, 20 La. Ann. 66, 96 Am. Dec. 379; Maloney v. Doane, 15 La. 278, 35 Am. Dec. 204; Grant v. Deuel, 3 Rob. 18, 38 Am. Dec. 228; Sundmaker v. Gaudet, 113 La. 887, 37 South. 865; Glisson v. Biggie et al., 141 La. 209, 74 South. 907. We do not think it necessary that those

precise words should be used, but the petition must at least allege such facts as will clearly and fairly show that the action of the defendant was without any probable foundation, and in this case that has not been done.

For the reasons assigned, the judgment appealed from is affirmed, at the cost of the appellant.

O'NIELL, J., having been absent during the argument, takes no part.