## KENNER v. MILNER.
### No. 1970.

Court of Appeal of Louisiana. First Circuit.
March ·22, 1939.

Hiddleston Kenner, of Bay St. Louis, Miss., in pro. per.

Purnell M. Milner, of New Orleans, in pro. per.

DORE, Judge.

This is a suit for malicious prosecution praying for damages, originally in the amount of $30,000, which was reduced to the amount of $2,000 by reason of a remittitur entered by the plaintiff at the time of trial.

The petition alleges that the defendant, on January 13, 1930, tried, without success, to get the District Attorney of the Twenty-second Judicial District to charge the plaintiff with aiding and assisting in the forgery of the will of Drauzin Ducre; that on February 14, 1931, the defendant before a justice of the peace, swore to an affidavit .charging plaintiff with having on March 13, 1928, aided and assisted in the forgery of the said will; that the defendant also swore to affidavits charging plaintiff with having committed perjury on April 18, 1929, in swearing falsely to the probate of the said will, and on May 14, 1930, by falsely testifying on trial of the intervention in the Ducre Succession, Probate Docket 672, Twenty-second Judicial District Court, that the will was signed by Drauzin Ducre; that the defendant went before the grand jury and induced and influenced that body to return indictments against the plaintiff on February 24, 1931, on the said charges, resulting in plaintiff being arrested and having to furnish bond; that he was never required to stand trial on any of these charges and all of them have been terminated favorably to him, by dismissals or by operation of law for failure to prosecute. Various allegations are then made to the effect that the defendant made these charges without probable cause and acting through malice; that the real purpose of the charges was to intimidate and harass the plaintiff in litigation against the defendant by Ducre in which the plaintiff was counsel for Ducre.

The defendant filed a plea of prescription and exceptions of no cause of action and of no right of action, all of which were overruled by the lower court. The defendant thereupon filed his answer in which he admits that he consulted with the District Attorney and placed facts before him, that he made the affidavits against the plaintiff, and that he testified before the grand jury upon being summoned with reference to his charges against the plaintiff; but alleges and contends that all of his acts were done upon probable cause and without malice.

On trial on the merits, the District Court rendered judgment in favor of the defendant, dismissing plaintiff's suit. The plaintiff has appealed.

Since the special pleas are not urged by the defendant on appeal, the only question for our determination is whether or not the judgment of the lower court on the merits is correct.

It is hardly necessary to go into any extended detail of the matters leading up to this suit. Most of them are already of record in the reports of decisions of the appellate courts of this State, and otherwise of official record in the Parish of St. Tammany. Suffice it to say, that this suit for damages can be said to find its origin in a suit instituted by the plaintiff as attorney for an old negro client, Drauzin Ducre, several years ago, attacking the defendant's title to his property at Lacombe in the Parish of St. Tammany. The defendant was a New Orleans' attorney, who seems to have enjoyed a lucrative law practice and who had invested considerable money in a country home at Lacombe, the property involved in the aforementioned suit. While this suit questioning defendant's title to his country estate was pending, plaintiff's client, Drauzin Ducre, died, and it became necessary to have a representative of his succession substituted as party plaintiff. It appears that plaintiff's client had executed a last will and testament purported to have been signed by himself, in which one Nicholas Ducre had been named testamentary executor. It developed later that this will had been drawn for the testator by the plaintiff herein, in his own handwriting, and that he was the one who offered it, as attorney, to the District Court for probate, and had Nicholas Ducre recognized and appointed as executor, so that he could continue as party representing the estate of Drauzin Ducre in the pending litigation. Later on, it came to the defendant's knowledge that the purported signature of Drauzin Ducre to the will was not genuine, but had been written by Nicholas Ducre, and it became known to him that the plaintiff himself had written out the will and signed it as a witness.

Thereafter, apparently after becoming convinced in his own mind that the will was a forgery, the defendant obtained sworn statements from two of the witnesses whose names are affixed to the will to the effect that they had not seen the testator sign the will, and also obtained the opinion of a handwriting expert that the signature to the will was a forgery committed by Nicholas Ducre. He then presented the matter to the District Attorney, and afterward executed an affidavit before a justice of the peace charging that the will had been forged by Nicholas Ducre with the aid and assistance of the plaintiff.

Thereafter, the defendant filed an intervention in the proceedings of the succession of Drauzin Ducre, attacking the will as a forgery. The trial of his intervention necessarily involved a rather bitter controversy between him and the plaintiff, and as the plaintiff testified that he personally had seen Drauzin Ducre sign his name to the will, the defendant concluded that plaintiff had committed perjury, and on the basis of that testimony, swore to another affidavit against the plaintiff charging him this time with the crime of perjury.

These affidavits of the defendant charging the plaintiff with aiding and abetting the crime of forgery, and with committing the crime of perjury, are the basis for plaintiff's suit for malicious prosecution. To maintain his suit the plaintiff must have proved three concurring elements: (1) That the prosecution or prosecutions resulting from the accusations terminated, after trial of its or their merits, in favor of himself, the accused; (2) that the accusations were made by the defendant without probable cause; and (3) that the defendant acted with malice in making the accusations. See Brelet v. Mullen, 44 La.Ann. 194, 195, 10 So. 865.

Since the contention of the plaintiff that the prosecutions resulting from the accusations have terminated in his favor is not disputed by the defendant, we find it unnecessary to consider that phase of the case.

Whether or not the defendant had probable cause to make the charges against the plaintiff must be determined by the situation as it existed when these charges were made. At that time the defendant had the specimens of the signatures of Drauzin Ducre and Nicholas Ducre, as well as a photostatic copy of the signature on the will. It was evident from a comparison of the signature that Drauzin Ducre did not sign the will himself. It was also known to the defendant at that time that plaintiff drew the will and was present when the name of Drauzin Ducre was signed to it, and that, if plaintiff did not himself have some one sign the will,

he knew who did sign it. At that time, the intervention in the succession of Ducre had been tried and plaintiff had testified in that suit that he saw Drauzin sign the will, which will was declared a forgery by judgment in that suit. Several handwriting experts had testified that the signature on the will was not that of the testator. The defendant had the affidavits of two of the witnesses to the will stating that they did not see Drauzin Ducre sign the will. These facts convince us that the lower court did not err in holding that the defendant had probable cause for making the charges against the plaintiff.

Being fully convinced that the defendant had probable cause for making his accusations, the question as to whether or not he was actuated by malice becomes academic, since even if it were found that his motive in making the accusations was malicious, the accusations being based on probable cause he could not be held liable in damages. See Estrada v. Kreeger Store, 147 La. 291, 84 So. 786.

For these reasons, the judgment is affirmed.