OVERTON, J.
In May, 1912, plaintiff purchased 30 shares of the capital stock of the Union National Bank, paying therefor $3,300, which at that time was the value of the stock. On the last day of December, 1914, there was a surplus in the bank amounting to $47,156.98; and according to the allegations of plaintiff’s petition, his portion of this surplus, based on his shares, amounted to $090. In June, 1915, the bank was placed in the hands of a receiver, due to the fact that it had become Insolvent. .The receiver sold the assets of the bank. From the sale there was realized the sum of $115,400. The amount realized left nothing for the shareholders; and hence plaintiff’s stock became absolutely worthless. It does not appear that the receiver has been discharged.
Plaintiff attributes his loss to the negligence and mismanagement of the bank's directors, and especially to their permitting loans, in large and small amounts, to persons who were without the financial standing to justify the loans, and especially to their electing repeatedly a cashier who they knew, or should have known, was wrongfully using' the funds of the bank for his own profit, or. for that of his two sons. Basing his demand upon such misconduct and negligence of the bank’s directorate, he sues, in this proceeding, each member of the board of directors, in solido, for damages by him sustained, amounting to the value of his stock and to his pro rata of the share of the bank’s surplus, as shown by the last statement of the bank made to him before the appointment of a receiver.
Each of the several defendants pleads against plaintiff’s demand the prescription of one year applicable to damages arising ex delicto. Three of the defendants, to wit, J. Arthur Smith, V. E. Barringer, and H. D. Apgar, also filed exceptions of no cause of action.
The case in the court a qua was determined *1041 on tlie plea of prescription of one year; and from tlie judgment maintaining that pica and dismissing plaintiff’s demand he prosecutes this appeal. In this court the three defendants who filed exceptions of no cause of action have answered the appeal by praying that these exceptions be maintained, and that the judgment in other respects be affirmed.
Plaintiff contends that the prescription of one year is not applicable. He assumes the position that, as he was a stockholder of the bank, the members of the board of directors wore his mandataries; that the indebtedness to him grows out of a breach of the contract of mandate; and hence that the prescription of 10 years alone applies. He contends that this contractual relation arose from the election of the directors as such by the shareholders, and from their acceptance of the positions to which elected.
The cause of action which plaintiff seeks to allege arises under section 5239 of the United States Revised Statutes (U. S. Comp. St. § 9831), which reads:
“If the directors of any national banking association shall knowingly violate, or knowingly permit any of the officers, agents, or servants of the association to violate any of the provisions of this title [referring to the National Banking Law] all the rights, privileges, and franchises of the association shall be thereby forfeited. Such violation shall, however, be determined and adjudged by a proper Circuit, District, or territorial court of the United States, in a suit brought for that purpose by the Comptroller of the Currency, in his own name, before the association shall be declared dissolved. And in cases of such violation, every director who participated in or assented to the same shall be held liable in his personal and individual capacity for all damages which the association, its shareholders, or any other person. shall have sustained in consequence of such violation.”
The directors of a national bank, as indicated by the oath which they are required to take on assuming the duties of their office, undertake to administer the affairs of the bank faithfully, and not to violate knowingly or permit the violation of the National Banking Laws. U. S. Rev. Stat. § 5147 (U. S. Comp. St. § 9685).
Opinion.
When the shares that plaintiff holds were issued, their value was paid to the bank. The money paid for them became its property, and was supposed to remain so until the dissolution of the corporation, the payment of its debts, and the distribution of the remainder of its assets am'ong the shareholders.
[1] However, according to the allegations of plaintiff’s petition, which, for the purposes of these exceptions, are taken as true, the assets of the bank, due to the gross negligence and mismanagement of its directors, have been wasted to such an extent as to make the shares of stock worthless. The loss resulting from the alleged acts of the bank’s directorate affects all stock alike. It is a loss of a large part of the bank’s capital. As that capital belonged to it, and not to plaintiff, the damage resulting is one of its assets, and not an asset of plaintiff. It should go to the bank: First, for the payment of its liabilities, for these do not appear from plaintiff’s petition to have been paid in full; and, secondly, should the bank be permitted to continue business no longer, which is likely, then for distribution among the shareholders.
[2,3] Such being the case, section 5239, U. S. Rev. Stat., in granting a cause of action to the shareholders, does not contemplate tha.t one of them may sue, for his exclusive benefit, for damages properly belonging to the bank. He m’ay sue, however, the directors who assented to or who were parties to the negligence and maladministration for the loss sustained by the bank in his own behalf and in behalf of all other stockholders, the judgment, when recovered, to inure to and be paid the bank, or its receiver, as the case *1043 may be. In such a proceeding it should be alleged, if the bank be in the hands of a receiver, as is the case here, that demand was made on the receiver to sue, and. that he failed or refused to bring the suit, or else facts should be alleged showing that it would have been vain to have made such a demand. The receiver, under such circumstances, should be made a party defendant. Chetwood v. California Nat. Bank et al., 113 Cal. 414, 45 Pac. 704; Zinn v. Baxter, 65 Ohio St. 341, 62 N. E. 327; Howe v. Barney et al. (C. C.) 45 Fed. 668; C. J. vol. 7, p. 793, § 678.
Plaintiff, therefore, does not show a cause of action,; for he sues to recover for himself that which does not belong to him, but which belongs to the bank, and which he has no right to withdraw from the bank’s capital. He also does not show a cause of action, because he does not allege a demand on the receiver to sue, nor does he allege facts that justify the belief that such a demand would have been a vain one, and therefore unnecessary. The statute contemplates such a demand; for otherwise suits to recover the same damage might be filed independently of each other by the receiver and the stockholders, since both may sue. As the damages are an asset of the bank, the receiver has the first right to sue; and it follows, in the orderly administration of justice, that the right of the shareholders to bring the action arises only when the receiver, after demand, fails or refuses to sue. Hence the exception of no right nor cause of action filed by J. Arthur Smith, V. E. Barringer, and H. D. Apgar must be maintained. As the remaining defendants have filed no such exception, and as the court cannot supply it, it will be necessary to pass to the prescription of one year pleaded by all of them. This plea is based on the theory that plaintiff’s cause of action arises out of a quasi offense.
■ In determining this plea, it will be necessary to treat plaintiff’s demand as if he had alleged a cause of action. The only cause of action to which he is entitled, under the facts alleged, is that of the bank.
[4, 5] The directors of the bank were its agents, charged under the law with an implied trust to use its funds only for the purposes permitted by law, and to preserve them for its creditors and stockholders. Note to Federal Statutes Annotated (1st Ed.) vol. 5, p. 180; Cooper v. Hill, 94 Fed. 582, 36 C. C. A. 402. The obligation which the directors incurred in favor of the bank was a special one, due to it in particular, and to the stockholders. It was not a general duty due to every one. They were elected by the stockholders to administer the affairs of the bank and accepted the trust.
Causes of action for damages which arise from the breach of such a special duty due by the directors to the bank, and constituting an obligation, are not subject to the prescription of one year applicable to carises of action arising from offenses and quasi offenses provided by article 3536 ,of the Civil Code, which involve the breach of á general duty, but are subject to the prescription of 10 years provided by article 3544 of that Code, to which all personal actions are subject, except those to which a different prescription is made to apply.
Defendants rely on Knoop, Hanneman & Co. et al. v. Blaffer et al., 39 La. Ann. 23, 6 South. 9, as supporting their plea of prescription of one year. In that case the plaintiffs were depositors in the Mechanics’ & Traders’ Bank, which was organized under the laws of this state. The bank failed. Its charter was forfeited, and commissioners were appointed to liquidate its affairs. Plaintiffs alleged that the bank had concealed from them its insolvent condition, and that while in such condition it made loans and discounted paper in violation of law, with the acquiescence of the directors. Plaintiffs, as depositors, sought to hold the directors individually responsible for their losses under *1045 a statute which made every director of a banking company who participated in or assented to the making of loans and discounting of paper while the bank was insolvent individually responsible for all its debts and obligations. This court maintained the prescription of one year against the action. It is clear, however, that the decision is based on the theory that no special obligation existed between the directors and the plaintiffs as depositors of the bank. This appears especially among the reasons for refusing a rehearing, where it is said:
“Counsel insist that ‘when parties act under a statute which creates specific rights, obligations, and liabilities, the statute itself becomes a contract between the parties, and their acting under it shows an implied acceptance of its stipulations.’ ”
To which the court replied that:
“Applying this principle of law and precept of jurisprudence to the banking law under consideration, we find, as stated in the preceding paragraph, that it imposed no duty upon the directors in reference to funds deposited with the corporation; and by undertaking the discharge of their duties as such, which are exclusively administrative in their character, they incurred no contractual obligation toward the depositors.”
The difference between that case and the present one is simply this: In that case there was no special obligation existing between the directors and the depositors, whereas in the present case a special obligation existed between the directors and the bank; and it is to the bank’s action that plaintiff is entitled, if any.
Defendants also rely on the case of Caillouet v. Franklin, 32 La. Ann. 220. In that case the clerk of court failed to record in the mortgage records the. abstract of inventory of the property of minors. He was sued for damages arising from that failure. This court maintained the lirescription of one year against the action, but did so expressly and chiefly upon the theory that no special obligation existed between the minors and the clerk of court, saying:
“Considering the terms of that legislative provision, it seems evident that the clerk’s failure amounts, not merely to the violation of a duty as regards exclusively the plaintiffs, but to the violation of a general duty, imposed in the interest of an entire class — minors—and that damages resulting from a failure, which may subject the clerk to a fine of $1,000 can be recovered, but on an action ex delicto, which is barred by the prescription of one year.”
Hence that case does not support defendants’ position, as the duty owing was general, and not special.
It may be observed that in Wallace v. Lincoln Savings Bank, 89 Tenn. 630,[1] which was a suit by a shareholder asserting the action of the bank against the directors for gross mismanagement, the court ruled that:
“The relation of a director to a corporation implies a contract that he will use ordinary diligence in the discharge of the duties he undertakes by accepting the office. For a breach of this duty an action lies, which is barred unless begun within six years from the time the right of action accrued”—
thus applying the prescription provided for actions on contracts not otherwise provided for. See, also, Cooper v. Hill, 94 Fed. 582, 36 C. C. A. 402, which also applies the prescription governing actions on contracts to such actions.
[6] If, for the purpose of deciding the pleas of prescription filed, we should consider that plaintiff has the cause of action which he asserts — that is, the right to sue for his exclusive benefit for his pro rata of the damages sustained by the hank, based upon his shares, • instead of asserting the cause of action of the bank, for the bank or its receiver — and that therefore the relation of the directors to the bank has no bearing on .the question, still we should feel constrained to hold that a fiduciary relation existed between a shareholder of the bank and the *1047 members of the hoard of directors, and that the duty which was due the shareholders was a special duty, and not a general one due everybody. The breach of that duty would be a breach of trust; and therefore damages arising therefrom would be governed, not by the prescription of one year, hut by that of 10 years. The shareholders elected the members of the board to administer the affairs of the bank, and the shareholders had a beneficiary interest in the bank. From this interest and from the acceptance of the trust by the directors there arose the special duty, due by the latter to the former, to faithfully administer that interest. In Cooper v. Hill, 94 Fed. 582, 36 C. C. A. 402, cited supra, it is said by the Circuit Court of Appeals, in speaking of the directors of a national bank, that—
“They unquestionably stand in a fiduciary relation to the bank, to its stockholders, and its creditors, and they hold its assets in trust for these beneficiaries.”
For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from be vacated and set aside, and it is now ordered that the plea of prescription of one year be overruled, that the exception of no cause of action filed by said Smith, said Barringer, and said Apgar be maintained, and this suit dismissed as to them, and, as to the remaining defendants, it is ordered that this case be remanded to the lower court to be proceeded with according to law and the views herein expressed, with leave on the part of said remaining defendants to file, if they, or any of them, see proper, exceptions ,of no right nor cause of action. It is further ordered that the costs of this appeal be paid as follows: One half by the plaintiff and the other half by said remaining defendants — the costs of the lower court to abide the final result.
PROYOSTY, X, dissents.
DAWKINS, J., recused.

 15 S. W. 448, 24 Am. St. Rep. 623.