(117 So. 549)

No. 28765.

## LAGRONE v. BROWN et al.

April 9, 1928. Rehearing Denied June 4, 1928.

Theus, Grisham & Davis, of Monroe, for appellant.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, and Dhu Thompson, of Ruston, for appellees.

LAND, J. The Willowbrook Brick & Tile Company is a corporation under the laws of this state, with its domicile in the parish of Caddo. The charter provides for a capital stock of $100,000, all of the shares being of the par value of $10.

This company was incorporated and organized on the 29th day of January, 1920, by the defendants F. M. Brown, Norman McDonald, J. A. Jimerson, and R. A. Ludwick, who composed the first board of directors, and who were the first officers of the corporation. At the date of organization, Brown subscribed to 1,625 shares of the capital stock, and the rest of the defendants to 1,125 shares each, making a total of 5,000 shares.

On April 27, 1923, plaintiff, J. M. Lagrone, was appointed receiver for the corporation. On January 22, 1926, the present suit was filed by the receiver to obtain a judgment jointly and in solido against defendants in the sum of $50,000, or the full amount of their individual stock subscriptions, upon the following allegations.

Plaintiff alleges: That he has collected all available debts due the corporation, and has sold under order of court all of its property, and that there remained on hand approximately $5,000, after payment of taxes and other small, but urgent, expenses.

That the corporation is hopelessly insolvent, that it owes debts approximating $50,000, in excess of the cash on hand, and exclusive of the amount of $37,000, paid in for stock by the stockholders, and that it is necessary that all stock subscribed and unpaid for be collected.

That defendants colluded and conspired with each other, and illegally and fraudulently issued to themselves certificates for the full amount of the stock subscribed by each of them, and that no portion of the stock has been paid for in cash or its equivalent, as required by law.

Plaintiff does not pray for judgment against the defendant R. A. Ludwick, as his whereabouts is not known, and he has not been cited, but reserves the right to sue this defendant hereafter.

The defendants Brown, McDonald, and Jimerson have pleaded in their joint answer an exception of no right or cause of action, and, in the alternative the prescriptions of one and of five years in bar of plaintiff's suit.

The exception of no right or cause of action and the alternative pleas of prescription were overruled in the lower court by the trial

judge, who passed upon the merits of the case and rejected plaintiff's demands.

Plaintiff has appealed, and appellees have answered the appeal, and pray that the judgment be so amended as to sustain the exception of no right or cause of action.

In considering this exception, it may be well to state at the outset that the decision of this court in Lagrone v. Brown et al., 161 La. 784, 109 So. 490, has not been followed in the more recent case of Smalley v. Bernstein, 165 La. 1, 115 So. 347.

It was said in the Lagrone Case, pages 787 and 788 (109 So. 491), in disposing of an exception to the jurisdiction of the lower court:

"Article 266 of the Constitution of 1913, which was in force at the time the corporation was organized, provides that no corporation shall issue stock except for labor done or money or property actually received.

"Section 17 of Act 267 of 1914, known as the Uniform Corporation Act, provides that if stock be issued for property in violation of the provisions of this act, or if any dividend or other distribution of the assets be made other than from net profits, or if a reduction of capital be made under the guise of a loan to stockholders * * * *the directors* of such corporation voting or assenting thereto *shall be jointly and severally liable to the creditors of the corporation* for any loss or damage arising therefrom. [Italics ours.]

"The foregoing section seems to be broad enough *to cover the acts charged against the directors* in the case under consideration, *and to make them liable in solido to the corporation and to its stockholders* and creditors. [Italics ours.]

\* \* \* \* \* \* \*

"In the case of Dawkins v. Mitchell, 149 La. 1038, 90 So. 369, we held that the directors of a national bank are its agents charged under the law with an implied trust to use its funds only for the purposes permitted by law and to preserve them for its creditors and stockholders.

"*The same principle applies here.* [Italics ours.]

"*The directors* of the instant corporation *owed a special contractual duty to the corporation, its creditors, and stockholders*, and not a general one to everybody. As fiduciaries of the corporation the directors held the assets in trust for the benefit *of the corporation*, its creditors, *and stockholders.*" (Italics ours.)

In the recent case of Smalley v. Bernstein, cited supra, section 17 of Act 267 of 1914 was construed by this court in the following language:

"Plaintiff, for the purpose of showing *that the liability of the directors is to the corporation, and hence that it is an asset of the corporation and passed to him as trustee*, cites Corpus Juris, vol. 14A, § 1817, p. 105, § 1971, p. 190, and other authorities, in which it is said, in effect, *that the liability is to the corporation.* On the other hand, defendants rely primarily on section 17 of Act 267 of 1914 to show that *the cause of action is vested only in the creditors injured by the payment of dividends, and was not an asset of the corporation, and therefore did not pass to plaintiff, as trustee.* The section of the act of 1914, cited by defendants, so far as it is pertinent to the question under consideration, reads as follows:

"'That * * * if any dividend or other distribution of the assets be made other than from net profits, * * * *the directors* of such corporation voting or assenting thereto *shall be jointly and severally liable to the creditors of the corporation* for any loss or damage arising therefrom. * * * *'

"*Whatever may have been the law prior to the adoption of this section*, here the liability is expressly stated to be *to the creditors.* The liability is not said to be *to the corporation also*, nor is there anything in sections 18 and 19, or elsewhere in the act, justifying the conclusion that the cause of action is granted *to any other than the creditors.*" (Italics ours.)

As section 17 of Act 267 of 1914 contains no provision whatever creating any liability in favor of the corporation or stockholders, the receiver in the case at bar is without right to bring the present suit, as the causes of action arising in the cases stated in section 17 of the act are vested exclusively in the creditors of the corporation, and can be asserted only by them.

There is nothing in the case of Dawkins v. Mitchell, 149 La. 1038, 90 So. 396, that is in conflict with the holding of this court in the Smalley Case.

In the Dawkins Case, the plaintiff sought to allege a cause of action under section 5239 of the United States Revised Statutes (12 US CA § 93). The section cited deals with the

liability of the directors of any national banking association who shall knowingly violate, or knowingly permit any of the officers, agents, or servants of the association to violate, any of the provisions of the National Banking Law.

It is provided in this section:

"And in cases of such violation, *every director* who participated in or assented to the same *shall be held liable* in his personal and individual capacity *for all damages which the association, its shareholders, or any other person,* shall have sustained in consequence of such violation." (Italics ours.)

Section 5239 of the United States Revised Statutes expressly confers a cause of action upon "the association, its shareholders, or any other person" damaged; but section 17 of Act 267 of 1914 limits the cause of action specifically "to *the creditors* of the corporation" for any loss or damage arising from the illegal or wrongful acts of directors therein designated and prohibited.

It was also held in the Smalley Case that the cause of action arising under section 17 of Act 267 of 1914 *was not ex contractu but ex delicto.*

In our opinion, the exception of no right or cause of action pleaded by defendants is well founded and should have been sustained.

It is therefore ordered that the judgment appealed from be so amended as to sustain the exception of no right or cause of action tendered herein by defendants.

It is now ordered that said judgment, as amended, be affirmed, and that the receiver of the Willowbrook Brick & Tile Company, Incorporated, pay all costs of appeal and of the lower court.

O'NIELL, C. J., and ST. PAUL, J., concur in the decree.

THOMPSON, J. (dissenting). The opinion in this case, together with the one in Smalley v. Bernstein, completely emasculates Act 267 of 1914, known as the Corporation Act, not

only with respect to the rights of the creditors of a corporation against the directors, but also as to the rights of the corporation itself against its directors.

In the Bernstein Case, while the opinion concedes that a right of action is vested in the creditors, it, nevertheless, holds that when the estate of the corporation is in the hands of a trustee in bankruptcy the latter cannot sue for the benefit of the creditors, nor can he sue for the corporation, because the act does not make the liability of the directors an asset of the corporation.

In order that I may make no mistake in construing the Bernstein opinion, I will quote therefrom the following:

"Whatever may have been the law prior to the adoption of this section [17], here the liability is expressly stated to be to the creditors. The liability is not said to be to the corporation also, nor is there anything in sections 18 and 19, or elsewhere in the act, justifying the conclusion that the cause of action is granted to any other than the creditors."

It never occurred to me before the opinions in the Bernstein Case and the present case that it required any statute to make an agent responsible to his principal for acts of dishonesty in the administration of the principal's affairs; in other words, I have never understood that, if an agent embezzled his principal's money which had been intrusted to him, the principal must show some special statute authorizing him to sue his agent before he can do so.

The directors of a corporation are but the agents of the corporation, and they are responsible to the corporation for their wrongful and mal-administration.

But this is not true now, since the corporation act limits the right of action to the creditors, and, when the corporation is placed in bankruptcy, the trustee cannot sue.

The opinion in the present case is made to rest primarily on the Bernstein Case, and, while it is said in the present case also that a

right of action is vested in the creditors, the receiver cannot sue in behalf of the insolvent estate or for the benefit of the creditors, and this because the statute does not expressly declare that a receiver may sue for the benefit of the creditors.

So we find that neither the trustee in bankruptcy nor the receiver of the insolvent corporation can sue the directors for the causes set forth in the statute (and which are embraced in this suit and are about as grave and injurious to the corporation and its creditors as could be made), and this simply because the statute does not include in its terms an express authority to the corporation to sue.

It need hardly be said that, so long as the corporation is solvent, the creditors cannot sue the directors for acts of maladministration, nor can the creditors sue while the corporation is in the hands of the receiver, so long as such receiver has not expressed an unwillingness to sue.

I repeat, therefore, the statement made in the beginning that the two decisions under consideration have completely emasculated the corporation statute, and, if permitted to stand, neither the creditors nor the corporation can sue the directors, it matters not how much damage the wrongful and mal-administration of the affairs of the corporation by the directors may cause the corporation and its directors.

But, aside from what has been said in the very case now under consideration (Lagrone v. Brown, 161 La. 784, 109 So. 490), this court, with all the justices concurring, except the Chief Justice, who concurred only in the decree, held that section 17 of Act 267 of 1914 was broad enough to cover the acts charged against the directors in this case, and to make them liable in solido to the corporation and its stockholders and creditors.

There is no ambiguity in this language.

There can be no mistake as to what the court decided.

But now in the same case, after that judgment has long since become final, and the property of the plaintiff, this court, following what had been said in the Bernstein Case, declares that the plaintiff, as receiver, has no cause of action and cannot sue on behalf of the corporation.

I have been led to believe that a final decision in a certain cause became the law of the case for all time to come, and that no court could thereafter reverse it to the prejudice of the party in whose favor it was rendered. But that appears now not to be true. The law of this case is the decision in the Bernstein Case, the parties to which have no interest whatever in the instant case.

I concede the power of the court to reverse itself and to overrule prior jurisprudence, either expressly or by ignoring altogether the prior jurisprudence, but what I do complain of, and what I do question is, not only the propriety, but the power, of the court to reverse a prior judgment rendered in the same case, between the same parties, and upon the same subject-matter, simply because such prior or judgment happened not to conform to the ruling in another and subsequent case.

In the former judgment, we said that the statute gave the plaintiff the right to sue for the causes stated in the petition. That judgment became final and the property of the plaintiff.

But now, in the same case and between the same parties, the court sets that judgment aside and declares that the plaintiff has no cause of action under the statute. Thus the doctrine of the law of the case has been destroyed completely.

However, the evil has been committed and cannot now be remedied, but I desire to record my dissent so that the record may be kept straight so far as I am concerned.