OVERTON, J.
 

 This suit is brought here by appeal from a judgment sustaining an exception of no cause or right of action.
 

 The suit is brought by plaintiff in his own behalf, and for his own benefit.
 

 It appears from the allegations of the petition that defendants are indebted to plaintiff in the sum of $3,000. This indebtedness, it is alleged, arises as follows:
 

 Plaintiff is the owner of thirty shares of stock, fully paid, of the par value of $100 a share, in the Reliance Homestead Association, and has been- the owner of this number of shares therein, since September, 1928, for which he paid tlieir full par value. At the time that plaintiff acquired the stock both defendants were members of the board of directors of the homestead association by which the stock was issued, and the defendant Nelson was also president of the association, and the defendant Nix was also the notary public for the association.
 

 It is alleged that for some time both defendants conspired to defraud the association of part of its assets, and that, in pursuance of the conspiracy entered into, Nix drew out of the funds of the association $366,700. To secure this sum, it is alleged that the defendant Nix, as notary public, on October 3, 1928, executed before himself an act of sale, whereby it was made to appear that the Reliance Homestead Association conveyed to one Charles J. Thomas three pieces of real estate, which both defendants knew belonged to the defendant Nix, for the sum of $366,700 — the amount withdrawn by Nix from the association — the association retaining a special mortgage and vendor’s privilege for that sum. It is alleged that, at the time of this transaction, both defendants knew that the land given as security was worth less than one-half of the money obtained from the association, and that, by reason of the transaction, both defendants were removed from office in the association at the instance of the state bank examiner.
 

 It is also alleged that plaintiff had no knowledge of the transaction until July i,
 
 *179
 
 1929, when the association failed to declare Its usual semiannual dividend, and that, as a result of the fraudulent acts of. defendants, the association has suffered a great loss, and declines to pay plaintiff the par value of his stools, because it has no funds with which to do so, and that plaintiff is in danger of losing his entire investment.
 

 It is then alleged that plaintiff made demand upon the officers and directors of the association to take immediate steps against all who have contributed to the heavy loss, which the association has suffered by reason of the acts of defendants, but that the officers and directors have ignored the demand..
 

 The prayer of the petition is for judgment in favor of plaintiff against defendants, in solido, for $3,000, the amount of plaintiff’s investment in the stock of the association, with legal interest thereon from January 1, 1929, and that, upon the payment of this sum, defendants be subrogated to all the rights of plaintiff in the stock purchased by him.
 

 Homestead associations, duly organized under the laws of this state, are bodies corporate. Section 1 of Act No. 120 of 1902. Plaintiff, in his petition, describes the Reliance Homestead Association as a corporation organized under the laws of this state. As the Reliance Homestead Association is a body corporate its assets belong to it, and no individual stockholder has a property! right in them. If the corporation sustains a loss by reason of mismanagement or fraud upon the part of its officials, the right to recover for the loss is an asset of the corporation, and not of the stockholders. It is only in extreme cases that a stockholder is permitted to sue for damage done a corporation, and even then the right does not arise until an ineffectual demand has been made on the corporation to institute the suit, and the suit, when brought, must be brought in behalf of the corporation, which alone is entitled to the amount recovered. Levert v. Shirley Planting Co., 135 La. 929, 66 So. 301; Dawkins v. Mitchell et al., 149 La. 1038, 90 So. 396. These principles are as much applicable to stockholders in homestead associations as they are to stockholders in other corporations, and this, although the stockholders in ■the former may be regarded as being in the category of creditors of the association. Here, the suit was not brought in behalf of the corporation, but instead plaintiff seeks to recover for his own individual benefit. The ruling here made is not in conflict with the two cases of Percy et al. v. Millaudon et al., reported respectively in 8 Mart. (N. S.) 68, and 3 La. 568. The purpose of those suits was to effect a liquidation of the Planters’ Bank, and a division of its assets — a purpose quite different from the purpose of this suit.
 

 If the suit be regarded as one to force defendants, by reason of their alleged fraudulent act, to take plaintiff’s stock, on paying him- the par value thereof, nevertheless, we think thp.t the alleged act did not confer upon plaintiff the right to compel such an acquisition by defendants, for, if for no other reason, defendants, if they committed the fraud alleged, are liable to the homestead association, and not to plaintiff.
 

 Our conclusion is that plaintiff’s petition discloses no right or cause of action.
 

 For these reasons,, the judgment appealed from is affirmed.