While I concur in the decree which dismisses plaintiff's suit, I do not concur in the conclusions by which that result is reached.
In my opinion, the plea of prescription of one year under Article 3536 of the Civil Code is not well founded. The present action is not one that arises from either an offense or a quasi offense, but is an action on a contract by which the plaintiff seeks to enforce an obligation of a road district which agreed to pay a certain amount of money on a specific date. This obligation was secured by the dedication *Page 746 
of a part of the proceeds of a special tax voted and levied in the district for road purposes. The action against the Police Jury and its individual members is based on a violation of their resolution or contract to set apart and apply in payment of this note a part of these tax funds. In other words, according to the agreed statement of facts, all that the Police Jury and its individual members did was to violate their contractual obligation toward the holder of the note by failing to apply a part of these tax funds when collected to the payment of the note, but used these funds in good faith for road purposes.
The funds were not wilfully diverted from a purpose for which the tax was voted and levied, but part of the funds which had been pledged for the payment of the note by the Police Jury was not applied by it for that purpose. However, the funds were used for public purposes in good faith and in building and maintaining roads in the district. There was no violation of a duty to the general public, but merely a breach of contract or a breach of trust which does not give rise to an action ex delicto nor constitute an offense or quasi offense so as to make the pleaded prescription applicable. See Olivier Sons, Inc., v. Board of Commissioners, 181 La. 802, 160 So. 419; Dawkins v. Mitchell et al., 149 La. 1038, 90 So. 396.
The Police Jury (or the Parish of Vermilion) cannot be held liable for this note which was the obligation of the Road District No. 5, an entirely separate and distinct political subdivision. When the Legislature made the Police Jury the governing authority of road districts in the parish, it did not make the Police Jury responsible for the debts of the road districts by reason of any acts done by it in this administrative capacity. When the Police Jury used these tax funds in 1931 and 1932 in maintaining the roads in the Road District it was not acting for the Parish of Vermilion but was acting for the Road District. Whatever acts were performed by the Police Jury in using these funds in a different manner and for a different purpose than that for which the funds had been previously pledged by the Police Jury were acts of the Road District, through its officers and not acts of the Parish of Vermilion through its proper officers. The Parish of Vermilion, a political subdivision of the State, cannot be held for the acts of the administrative agency of a separate and distinct subdivision of the State.
As a general rule the individual members of a municipal council or other political subdivision of a state are not liable personally for funds lawfully collected for one purpose but applied by them in good faith for some other lawful purpose of the municipality or political subdivision in the absence of some constitutional or statutory provision specially making them liable. See annotation in 96 A.L.R. 664. As already stated, the members of the Police Jury did not misapply any of the tax funds and use them for a purpose other than that for which the tax was levied and collected, but it is admitted that they used these funds in good faith for the very purpose for which the tax was voted and collected, i.e., for maintaining the public roads in the road district. They did breach their obligations in dedicating a part of these funds to pay the note, but for their acts in a representative capacity as the governing authority of the road district, the district alone is liable.
It may be urged that to relieve the governing officials of personal responsibility in such cases would render insecure a pledge or dedication of public funds for the payment of a specific debt, but it must be remembered that such officials would not be relieved of personal responsibility if they acted fraudulently or in bad faith, or contrary to some law, or did not use the funds for some other lawful public purpose coming within the purview of their official duties. It could be urged with equal force that responsible citizens would hesitate to accept such a position if they could be held personally responsible for using public funds in good faith for one public purpose after these funds had been dedicated to the payment of a specific debt of the political subdivision. After all, a creditor with such a secured debt must rely to a great extent on the integrity and honor of these public officials to carry out in good faith their official acts, and if they neglect or refuse to do so, the creditor has a legal remedy to compel them to do so.
For the above reasons, I concur in the decree. *Page 747