495 So.2d 1334 (1986)
The WARE & WINGATE COMPANY, INC., Plaintiff-Appellant,
v.
Phillip Keith WINGATE and Doris Joan Babineaux, Defendants-Appellees.
No. 85-686.
Court of Appeal of Louisiana, Third Circuit.
October 21, 1986.
*1335 Karl W. Bengston of Shelton and Legendre, LaFayette, for plaintiff appellant.
Ann Dearing Whitman, of Domengeaux and Wright, LaFayette, Theall and Fontana, Anthony J. Fontana, Abbeville, for defendants-appellees.
Before FORET, J., and PLANCHARD and McNULTY, JJ. Pro Tem.[*]
ARTHUR J. PLANCHARD, Judge Pro Tem.
The plaintiff-appellant, The Ware & Wingate Company, Inc. ("Ware & Wingate"), has appealed the judgment of the trial court granting defendants' exceptions of no right of action and motion for summary judgment. The defendants are Phillip Keith Wingate and his wife, Doris Joan Babineaux.
This suit was instituted by Edward Ware who is a shareholder of Ware & Wingate and who claims to possess authority from the corporation to bring this action.
Ed Ware, on behalf of Ware & Wingate, alleged in the petition that the defendants, "in concert," misappropriated corporate funds for personal use and failed to reimburse the corporation. Mr. Wingate and his wife responded to plaintiff's petition with peremptory exceptions of No Right of Action. In their exceptions, the defendants claimed the corporate resolution of May 25, 1983 did not give Mr. Ware authority to file this particular suit against Mr. Wingate and his wife and whatever authority was granted to Mr. Ware by Ware & Wingate, he no longer had corporate authority to sue on behalf of Ware & Wingate. In addition to the peremptory exception, Mrs. Babineaux filed a motion for summary judgment.
The trial court sustained the defendants' exceptions and motion and dismissed plaintiff's suit after receiving the evidence on the exceptions and motion. Although Ed Ware amended the petition to sue both defendants in his individual capacity, this appeal only concerns his authority to act on behalf of Ware & Wingate and Mrs. Babineaux's motion for summary judgment.
In 1982, the plaintiff-corporation was formed for the purpose of residential and commercial construction. Mr. Ware and Mr. Wingate were listed as incorporators and officers. In Article VI of the Articles of Incorporation of Ware & Wingate, Mr. Ware and Mr. Wingate were each issued 250 shares of the corporation's 1,000 shares of stock. (TR-280)
Everything appeared to function smoothly until 1983 when Ware & Wingate began to have money troubles. Without going into detail concerning the different allegations of the parties, Mr. Ware suspected Mr. Wingate misappropriated corporate funds for personal use. In May of 1983, Mr. Ware was authorized by the corporation *1336 to take legal action on behalf of Ware & Wingate. This law suit was filed in July of 1983. On October 20, 1983, Mr. Wingate, acting as sole shareholder of Ware & Wingate, called a meeting of the shareholders of Ware & Wingate, was issued 1,000 shares of Ware & Wingate stock and revoked Mr. Ware's authority to sue on behalf of the corporation. Thereafter, the defendants filed their peremptory exceptions and the motion for summary judgment which the trial court granted.
Three Specifications of Error are presented in this appeal:
1. The trial court erred in giving any credence to those documents filed by Phillip Keith Wingate in conjunction with his exceptions and motion to dismiss which purport to make him sole shareholder, director and officer of the corporation.
2. The trial court erred in finding that the corporation did not have a right of action to sue its president for misappropriation of corporate monies.
3. The trial court erred in finding that defendants had disproven all material factual issues indicating possible liability of Doris Joan Babineaux Wingate.
Errors # 1 and # 2 both deal with the exception of no right of action and shall be considered together.

NO RIGHT OF ACTION
Louisiana Code of Civil Procedure Article 927 provides for an exception of no right of action or no interest in the plaintiff to institute the suit. The essential function of this objection is to raise the question of whether a remedy afforded by law can be invoked by a particular person. Henry v. State, through Dept. of Health, 435 So.2d 565 (La.App. 3d Cir.1983).
A corporation is granted the right to sue in its own name by La.R.S. 12:41 B(3). When an individual brings suit on behalf of a corporation he must have authorization from the corporation to act on its behalf. At the time the present suit was filed, it appears Mr. Ware did have authority from Ware & Wingate to pursue legal action. However, on October 20, 1983, Ware & Wingate passed a resolution which revoked this authorization and requested the suit be dismissed. (TR 272 and 273) Without corporate authorization, Mr. Ware had no right of action to sue on behalf of Ware & Wingate.
Mr. Ware has alleged as Error # 1 the trial court giving credence to documents introduced by Mr. Wingate which show him to be the sole shareholder of Ware & Wingate. In granting the defendants' exceptions, the trial court did not pass judgment upon the validity of these documents. By granting the exception, the trial court simply ruled that whatever authority Mr. Ware may have had to file the suit on behalf of Ware & Wingate, such authority had been revoked by Ware & Wingate.
As early as 1930, the Louisiana Supreme Court recognized that an action to recover losses sustained by a corporation as a result of fraud or mismanagement is an asset of the corporation and not of the shareholders of that corporation. Orlando v. Nix, 171 La. 176, 129 So. 810 (1930). The court in Orlando, supra., further stated:
"It is only in extreme cases that a stockholder is permitted to sue for damage done a corporation, and even then the right does not arise until an ineffectual demand has been made on the corporation to institute the suit, and the suit, when brought, must be brought in behalf of the corporation, which alone is entitled to the amount recovered."
This circuit has consistently followed this holding. See Beyer v. F. & R. Oilfield Contractors, Inc., 407 So.2d 15 (La.App. 3d Cir.1981); Moity v. Acadian Woodworks, Inc., 435 So.2d 597 (La.App. 3d Cir.1983); and Albright v. Prentice, 425 So.2d 336 (La.App. 3d Cir.1982).
Therefore, Mr. Ware does have a remedy but it is in the form of a shareholder's derivative action. The Code of Civil Procedure provides, in Article 591 et seq., for a secondary action by a shareholder to enforce a right of a corporation. Mr. Ware may not simply amend the original petition in this suit to transform it into a secondary action but he must file a separate suit *1337 according to the previously cited civil procedure articles.

MOTION FOR SUMMARY JUDGMENT
Mrs. Babineaux filed not only an exception of no right of action but also a motion for summary judgment. In this suit, she has filed two motions for summary judgment but only the first motion, against Ware & Wingate, has been appealed.
Mr. Ware alleges as Error # 3 the trial court finding Mrs. Babineaux disproved all factual issues indicating her liability for the misappropriation of Ware & Wingate corporate funds. In other words, Mr. Ware is appealing the trial court's ruling that Mrs. Babineaux proved there exists no genuine issue of material fact and she is entitled to summary judgment as a matter of law.
As the moving party of this motion, Mrs. Babineaux bears the burden of proof and any doubt must be resolved against granting the motion. Schoemann v. Turnwood Development Corp., 421 So.2d 353 (La. App. 1st Cir.1982). A motion for summary judgment will be granted if the moving party comes forward with facts which would resolve all genuine issues of material facts in dispute and entitle the movant to judgment as a matter of law. If the movant successfully meets this standard, then the burden shifts to the opposing party who must show that there is an issue of material fact in dispute. Menard v. UCAR Pipeline, Inc., 465 So.2d 231 (La.App. 3d Cir.1985). Although the trial court did not give any reasons for judgment, by granting the motion for summary judgment it found Mrs. Babineaux had met the requirements for summary judgment.
The plaintiff alleged Mrs. Babineaux, "singularly and/or in concert," withdrew corporate money and used it for non-corporate purposes or deposited it in other accounts. The evidence presented to the trial court and again brought up in appellant's brief centered around the fact Mrs. Babineaux drove an expensive car; was given an expensive bracelet by her husband; filled out the payee and amount on a check from the corporate account; was paid $400 by a temporary check from an alleged secret account; assisted in drawing checks from corporate account to pay corporate bills; allowed the corporation to use space in her office; and knew certain corporate documents were mailed to the family's home. Mr. Ware contends that these facts give rise to at least an inference that Mrs. Babineaux may be personally liable for the missing corporate funds. Without going into great detail about these allegations, it is obvious that none of them raise a genuine issue of material fact indicating personal liability of Mrs. Babineaux.
Briefly, the corporate check which Mrs. Babineaux partially completed was signed by her husband and was payment for work done for the corporation at one of its construction sites. The evidence clearly shows this check was payment for a valid corporate debt. The other check payable to Mrs. Babineaux was written on a temporary check without the name of Ware & Wingate on it and it was not from the bank which handled the corporation's account. No evidence was presented to even create an inference that Mrs. Babineaux knew it was from a Ware & Wingate account or that she knew about this alleged secret account.
The several general allegations about Mrs. Babineaux's connection with the day-to-day business dealings of Ware & Wingate in no way indicate she "singularly and/or in concert" with Mr. Wingate misappropriated corporate funds.
Finally, this court can not see how Mrs. Babineaux could be found personally liable by the fact she drives an expensive car and was given a $2,000 bracelet by her husband.

CONCLUSION
After reviewing the evidence presented at the hearing on the exceptions and the motion, this court does not find error in the trial court's granting the exceptions and motion and dismissing the plaintiff's suit. Therefore, the judgment of the trial court *1338 is affirmed and all costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.
NOTES
[*] Judge Arthur J. Planchard, of the 14th Judicial District Court, and Michael J. McNulty, Jr., of the 16th Judicial District Court, participated in this opinion by appointment of the Louisiana Supreme Court as Judges Pro Tempore.