# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-872


**ALICE LANDRY BOYER AND CHERYL LANDRY KOKKINIS**

**VERSUS**

**STRIC-LAN COMPANIES CORP., ET AL.**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20035635
HONORABLE KRISTIAN D. EARLES, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***


**MARC T. AMY**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***


Court composed of Billie Colombaro Woodard, Marc T. Amy, and Billy Howard
Ezell, Judges.

**AFFIRMED.**


**Woodard, J., concurs in the result.**

    **Joseph C. Giglio, Jr.**
    **Renee Z. Berard**
    **Liskow & Lewis**
    **Post Office Box 52008**
    **Lafayette, LA 70505-2008**
    **(337) 232-7424**
    **COUNSEL FOR PLAINTIFFS/APPELLANTS:**
        **Alice Landry Boyer**
        **Cheryl Landry Kokkinis**

    **Ted W. Hoyt**
    **D. Reardon Stanford**
    **Hoyt, Hodge & Stanford, LLC**
    **Post Office Box 3263**
    **Lafayette, LA 70502**
    **(337) 234-1012**
    **COUNSEL FOR DEFENDANTS/APPELLEES:**
        **Stric-Lan Properties, LLC**
        **Land Oil Consultants, LLC**

Lawrence L. Lewis, III
Michael P. Maraist
Onebane Law Firm
Post Office Box 3507
Lafayette, LA   70502-3507
(337) 237-2660
COUNSEL FOR DEFENDANTS/APPELLEES:
    Stric-Lan Companies Corporation
    Stric-Lan Well Testers Corporation Profit Sharing Plan
    Gary Landry
    Karen L. Oertling

Henry C. Perret, Jr.
Boyd A. Bryan
Frank S. Slavich, III
Perret Doise
Post Office Drawer 3408
Lafayette, LA   70502-3408
(337) 262-9000
COUNSEL FOR DEFENDANTS/APPELLEES:
    Gary Landry
    Karen Landry Oertling

AMY, Judge.

The plaintiffs filed suit against the defendants asserting that certain stock transfers relating to the various defendants were impermissible. The defendants filed exceptions of no right of action and no cause of action, contending that the plaintiffs could not pursue the relief sought as they were not stockholders, but were only heirs of their father's succession and that the relief sought could be granted only through a shareholder's derivative suit. The trial court granted the exceptions. The plaintiffs appeal. For the following reasons, we affirm.

## Factual and Procedural Background

According to the record, Ronald J. Landry owned interests in Stric-Lan Companies Corporation and Stric-Lan Properties, LLC prior to his death in November 2002. He left four heirs, Alice Landry Boyer, Cheryl Landry Kokkinis, Gary Landry, and Karen Landry Oertling. Ms. Boyer and Ms. Kokkinis filed the instant matter by way of Petition for Declaratory Judgment in October 2003.

The plaintiffs alleged that after their father's death they became aware of the issuance of two million shares of stock to Gary Landry and Ms. Oertling in Stric-Lan Companies Corporation. Gary Landry and Ms. Oertling were to each receive one million shares in the transaction, which was entitled the Executive Stock Bonus Plan. The plaintiffs alleged that this transfer "purport[s] to reduce the Plaintiffs' ownership interest in Stric-Lan Companies Corporation." The petition asserted that these transfers were completed through two documents which were purportedly executed by unanimous consent of the Stric-Lan Companies Board of Directors, which included Ronald J. Landry. However, the plaintiffs contend that these documents "were not signed by Ronald J. Landry himself; and they are, therefore, invalid and ineffective as acts of Stric-Lan Companies Corporation."

Through the petition, the plaintiffs requested a declaration that the transfers were invalid and the issuance of the stock null. Further, the plaintiffs alleged that insufficient consideration was provided for transfers of certain assets from Stric-Lan Companies Corporation to Stric-Lan Properties, LLC, thus diluting "the value of Stric-Lan Companies Corporation." This transfer, the plaintiffs maintain, was a breach of fiduciary duty to the corporation's shareholders and an *ultra vires* act. The plaintiffs requested a declaration that the transfer of assets was for insufficient consideration and an order for an accounting for the fair market value of the assets transferred. The plaintiffs alternatively sought the return of the assets to Stric-Lan Companies Corporation.

Finally, the petition contains the plaintiffs' assertion that they signed the Operating Agreement of Stric-Lan Properties, LLC, with the understanding that it was to be signed by their father. They allege, however, that it was not signed by their father. Therefore, they sought "a declaration that the Operating Agreement of Stric-Lan Properties, L.L.C. is null. The plaintiffs' consent to the Operating Agreement was infected by error." Accordingly, the plaintiffs contend that the Operating Agreement is null.

Named as defendants in the petition for declaratory judgment were Stric-Lan Companies Corporation, Stric-Lan Properties, Gary Landry, Ms. Oertling, Land Oil Consultants, and Stric-Lan Well Testers Corporation Profit Sharing Retirement Plan, through its trustees, Gary Landry and Ms. Oertling. By supplemental and amending petition, the plaintiffs added as defendants, the Succession of Ronald J. Landry as well as Gary Landry and Ms. Oertling, as representatives of the succession.

The petition for declaratory judgment was met with exceptions of no right of action and no cause of action. Stric-Lan Properties and Land Oil Consultants filed

2

an exception, asserting that, insofar as it related to them, the petition alleged only that Land Oil Consultants is a stockholder in Stric-Lan Companies Corporation, but is devoid of any assertion that Land Oil Consultants did anything which could be construed as constituting a cause of action. With regard to Stric-Lan Properties, the companies asserted that the plaintiffs failed to allege a way in which its purported purchase of assets was violative of jurisprudential or statutory law. Neither does the petition allege, as these defendants' exception points out, that the plaintiffs were a party to the transactions. Thus, the exception contended that neither a right of action nor a cause of action exists against Stric-Lan Properties.[1]

Subsequently, a second group of defendants, Stric-Lan Companies Corporation, and Gary Landry and Ms. Oertling, as Trustees of the Profit Sharing Plan, filed exceptions of no right of action, no cause of action, and prematurity. These defendants asserted that the plaintiffs lacked a right of action as the allegations lodged by the petition are those that must be brought through a shareholder's derivative suit. However, as there is no allegation that the plaintiffs have been or are shareholders, these defendants contend, the plaintiffs lack standing to assert the type of cause of action contained in the petition. Furthermore, since the procedural requirements for a shareholder's derivative suit have not been met, the petition does not contain a cause of action. Stric-Lan Companies Corporation and the Profit Sharing Plan alternatively contend that, in the event shareholder status is found, the suit is premature as requirements for bringing a shareholder's derivative suit have not been met.

---

[1]The plaintiffs' brief to this court contains no argument regarding the exceptions of no right of action and no cause of action as they relate to Stric-Lan Properties and Land Oil Consultants. Rather, the argument focuses upon the purported stock dilution. Accordingly, any arguments relating to a perceived cause of action against Stric-Lan Properties or Land Oil Consultants is deemed abandoned. *See* Uniform Rules - Courts of Appeal, Rule 2-12.4.

Finally, Gary Landry and Ms. Oertling filed exceptions of no cause of action, no right of action, and prematurity. As for the no right of action claim, these defendants argue similarly to those above that the petition contains no allegation that the plaintiffs are shareholders in Stric-Lan Companies Corporation. As for the no cause of action claim, these defendants argued in the pleading that "[p]laintiffs do not allege any wrongdoing on the part of, or any damages caused by, Mr. Landry or Ms. Oertling, nor do they seek any relief from those parties. Hence, the petition fails to state a cause of action against Mr. Landry or Ms. Oertling." Finally, these defendants asserted that any derivative action found to be established is premature due to a failure to follow the procedural requirements of La.Code Civ.P. art. 615.

Following a hearing, the trial court found in favor of the defendants, granting the three exceptions of no right of action and no cause of action. The trial court found that any cause of action alleged was one that must be brought through a shareholder's derivative suit. The trial court noted that the plaintiffs lacked "standing" for this type of suit.

The plaintiffs appeal, assigning the following as error in their brief to this court:

> A.    The District Court erred in dismissing this case. Plaintiffs have a cause of action and are entitled to bring it as a Declaratory Judgment action under Louisiana Code of Civil Procedure articles 1871 through 1883.

> B.    The District Court erred by failing to allow the Plaintiffs the right to amend their petition under Louisiana Code of Civil Procedure article 934.

4

**Discussion**

*Cause of Action and Right of Action*

Addressing the separate exceptions of no right of action and no cause of action in a single argument, the plaintiffs argue that their action should be maintained under Title 6, Chapter 2 of the Louisiana Code of Civil Procedure, that related to declaratory judgments. They assert that: "Plaintiffs, as shareholders, may seek declaratory relief, as they have an interest in the ownership of the companies, and an interest in invalidating the extra ownership which Gary Landry and Karen Landry Oertling tried to create by signing Ronald J. Landry's name without proper written authority." The plaintiffs ask that "they be allowed to proceed with their Declaratory Judgment action so that they may establish invalidity of the stock dilutions."

We consider the granting of the exceptions of no right of action and no cause of action separately.

*No Right of Action*

Article 681 of the Louisiana Code of Civil Procedure provides that actions must be brought "only by a person having a real and actual interest which he asserts." An exception of no right of action is used in order to determine whether a plaintiff belongs to a class of individuals to which the law grants the cause of action advanced. *Reese v. State Dept. of Pub. Safety*, 03-1615 (La. 2/20/04), 866 So.2d 244. In considering the exception, the court determines whether "the particular plaintiff has a right to bring the suit, but it assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of the litigation." *Id.* at 246. A ruling on an exception of no right of action is considered *de novo* on appeal. *St.*

5

*Martin v. Willard*, 03-204 (La.App. 3 Cir. 6/25/03), 848 So.2d 773, *writ denied*, 03-2058 (La. 11/14/03), 858 So.2d 426.

Following supreme court jurisprudence, this circuit has indicated that a shareholder does not have an individual right of action against the directors and officers of a corporation for alleged wrongs which may have caused damage to the corporation. *See Glod v. Baker*, 02-988 (La.App. 3 Cir. 8/6/03), 851 So.2d 1255, *writ denied*, 03-2482 (La. 11/26/03), 860 So.2d 1135 (citing *Orlando v. Nix,* 171 La. 176, 129 So. 810 (1930); *Dawkins v. Mitchell*, 149 La. 1038, 90 So. 396 (1922)). Rather, the right of action associated with alleged mismanagement or fraud causing loss to a corporation is to be considered an asset of the corporation. *Id.* That right of action "may only be asserted secondarily by a shareholder through a shareholder's derivative suit[.]" *Id.* at 1265. In short, a shareholder is without a right to sue, individually, to recover what is considered to be corporate property. *Id.* (citing *Mente & Co. v. Louisiana State Rice Milling Co.*, 176 La. 476, 146 So. 28 (1933)).[2]

Given the above standards, the plaintiffs' petition is problematic in two regards. First, the plaintiffs do not allege that they are shareholders in Stric-Lan Companies Corporation. Rather, they assert an ownership interest in the corporation as "two of the heirs of Ronald J. Landry, who was a shareholder of Stric-Lan Companies Corporation at the time of his death." They further assert that: "At the time of his death Ronald J. Landry owned, among other things, interests in Stric-Lan Companies Corporation, Stric-Lan Properties, L.L.C., and the Profit Sharing Plan"; and that "[t]he shareholders of Stric-Lan Companies Corporation are the Profit

---

[2]Although a shareholder has been recognized as having a right of action if he or she is seeking damages for a *personal loss* based on an alleged breach of contract between that shareholder and the corporation, *see Bordelon v. Cochrane*, 533 So.2d 82 (La.App. 3 Cir. 1988), *writ denied*, 536 So.2d 1255 (La.1989), that is not the situation in the instant matter.

Sharing Plan, Land Oil Companies Corporation, Stric-Lan Properties, L.L.C., and the Profit Sharing Plan."

Due to the lack of personal ownership, the petition is problematic in another regard. While the plaintiffs allege an ownership interest as they are heirs to their father's succession, including his shares in Stric-Lan Companies Corporation, Stric-Lan Properties, and the Profit Sharing Plan, *a succession's representative* is the appropriate representative to bring a suit to protect the property or rights of the succession. *Horrell v. Horrell*, 99-1093 (La.App. 1 Cir. 10/6/00), 808 So.2d 363.

Article 935 of the Louisiana Civil Code provides that "universal successors acquire ownership of the estate and particular successors acquire ownership of the things bequeathed to them" at the time of the death of the decedent. The article continues, stating that "[*p*]*rior to the qualification of a succession representative* only a universal successor may represent the decedent with respect to the heritable rights and obligations of the decedent." (Emphasis added.) Finally, La.Code Civ.P. art. 685, specifically provides:

> Except as otherwise provided by law, the succession representative appointed by a court of this state is the proper plaintiff to sue to enforce a right of the deceased or of his succession, while the latter is under administration. The heirs or legatees of the deceased, whether present or represented in the state or not, need not be joined as parties, whether the action is personal, real, or mixed.

Article 685 has been declared to be the controlling provision of law as to whether a succession representative or an heir/legatee is able to enforce rights of the succession. *See Baten v. Taylor,* 386 So.2d 333 (La.1979); *Horrell*, 808 So.2d 363.

In the present case, the exceptions filed by Stric-Lan Companies Corporation and the Profit Sharing Plan are supported by an "Oath and Letters of Tutors, Administrators, etc." confirming the appointment of Gary Landry and Ms. Oertling as representatives of their father's succession. There is no indication in the record

that these representatives have been discharged. Accordingly, although the plaintiffs allege an ownership interest in the companies named as defendants, the plaintiffs are without a right to seek the remedies sought by the petition.

The granting of the exception of no right of action was not in error.

*No Cause of Action*

The exception of no cause of action is the mechanism by which the legal sufficiency of the petition is tested. *Ramey v. Decaire*, 03-1299 (La. 3/19/04), 869 So.2d 114. In considering the exception, the court considers whether the law provides a remedy on the facts alleged in the petition. *Id.* As no evidence can be submitted in support of or in opposition to this exception, the court reviews the petition, accepting the factual allegations as true. "The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought." *Id.* at 118. Noting that Louisiana utilizes a fact-pleading system which does not require that the petition include a theory of the case, the supreme court has remarked that "the mere conclusions of the plaintiff unsupported by facts does not set forth a cause of action." *Id.* at 118. On appeal, review of a trial court's judgment as to an exception of a no cause of action is reviewed *de novo*, as it involves a legal question. *Id.*

The plaintiffs contend that they are permitted to proceed given the Louisiana Code of Civil Procedure provisions for declaratory judgment. Pertinent portions of Title 6, Chapter 2 explain:

**Art. 1871. Declaratory judgments; scope**

Courts of record within their respective jurisdictions may declare rights, status, or other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for; and the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The declaration shall have the force and effect of a final judgment or decree.

**Art. 1872. Interested parties may obtain declaration of rights, status, or other legal relations**

A person interested under a deed, will, written contract or other writing constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

. . . .

**Art. 1874. Interested person may obtain declaration of rights; purpose**

A person interested as or through an executor, administrator, trustee, guardian, or other fiduciary, creditor, devisee, legatee, heir, next of kin, or cestui que trust, in the administration of a trust, or of the estate of a decedent, an infant, lunatic, or insolvent, may have a declaration of rights or legal relations in respect thereto:

(1) To ascertain any class of creditors, devisees, legatees, heirs, next of kin or others;

(2) To direct the executors, administrators, or trustees to do or abstain from doing any particular act in their fiduciary capacity; or

(3) To determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings.

**Art. 1875. Powers enumerated not exclusive**

The enumeration in Articles 1872 through 1874 does not limit or restrict the exercise of the general powers conferred in Article 1871 in any proceeding where declaratory relief is sought, in which a judgment or decree will terminate the controversy or remove an uncertainty.

The causes of action instituted by the petition are those affecting rights/property of the corporate entities, *i.e.*, transfers were *ultra vires* or constituted a breach of fiduciary duty. While the plaintiffs also assert that the transfers affected the value of the shares of the company in which they held an ownership interest, this

right is not particular to the shares in which the plaintiff holds an ownership interest. Rather, any devaluation would be associated with shares owned by all shareholders. As stated above, insofar as the claim affects the rights/property of the business entity defendants, suit can only be brought through a shareholder's derivative suit. *See Glod*, 851 So.2d 1255. While a portion of the plaintiffs' petition does seek various declarations, those declarations are ones that must be sought by an appropriate plaintiff. In this case, as stated above, the ownership of the right of action rests with the corporation. Furthermore, while styled a declaratory judgment, reference to the prayer for relief indicates a request for more active relief as well.[3]

Insofar as the plaintiffs may have attempted to assert rights of the corporation, Article 611 of the Louisiana Code of Civil Procedure provides:

> When a corporation or unincorporated association refuses to enforce a right of the corporation or unincorporated association, a shareholder, partner, or member thereof may bring a derivative action to enforce the right on behalf of the corporation or unincorporated association. A derivative action may be maintained as a class action when the persons constituting the class are so numerous as to make it impracticable for all of them to join or be joined as parties. In the case of a derivative class action, Articles 594 and 595 shall apply.

Requirements for the petition instituting a derivative action are provided by La.Code Civ.P. art. 615, which states:

---

[3]The prayer for relief requests "a declaratory judgment in [the plaintiffs' favor] and against the defendants, as follows:

(1) That the Purported Executive Stock Bonus Plan (*Exhibits 1 and 2*) is invalid and ineffective, and that the purported issuance of two million (2,000,000) shares to Gary Landry and Karen Landry Oertling is null.

(2) That the transfers of assets and/or operations to Stric-Lan Properties, L.L.C. were for insufficient considerations and/or value and/or *ultra vires*, and therefore Stric-Lan Properties, L.L.C. must account to Stric-Lan Companies Corporation for the fair market value such assets and/or operations; or, alternatively, return such assets to Stric-Lan Companies Corporation.

(3) That the Operating Agreement of Stric-Lan Properties, L.L.C. (*Exhibit 3*) is null."

The petition in a class action brought by a shareholder, partner, or member of a corporation or unincorporated association because it refuses to enforce a right which it may enforce shall:

(1) Allege that the plaintiff was a shareholder, partner, or member at the time of the occurrence or transaction of which he complains, or that his share, partnership, or membership thereafter devolved on him by operation of law.

(2) Allege with particularity the efforts of the plaintiff to secure from the managing directors, governors, or trustees and, if necessary, from the shareholders, partners, or members, the enforcement of the right and the reasons for his failure to secure such enforcement, or the reason for not making such an effort to secure the enforcement of the right.

(3) Join as defendants the corporation or unincorporated association and the obligor against whom the obligation is sought to be enforced.

(4) Include a prayer for judgment in favor of the corporation or unincorporated association and against the obligor on the obligation sought to be enforced.

(5) Be verified by the affidavit of the plaintiff or his counsel.

As the petition instituting this matter is without the procedural requirements of the above article, no cause of action is alleged. Accordingly, there was no error in the granting of the exception of no cause of action.

*Amendment of the Petition*

The plaintiffs contend that, insofar as a portion of the suit is found to be appropriate by derivative action, the trial court erred in failing to permit amendment pursuant to La.Code Civ.P. art. 934, which provides:

When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.

Our review of the petition reveals no error in the trial court's dismissal without an opportunity to amend. Again, in addition to the failure to appropriately allege a derivative shareholder's suit, these plaintiffs have no right of action as any potential causes of action remain either with the corporation or the succession representative. There is no indication that these plaintiffs could acquire such a right. Accordingly, there is no error in the dismissal.

## DECREE

For the foregoing reasons, the judgment granting the exceptions of no right of action and no cause of action is affirmed. All costs of this proceeding are assigned to the plaintiffs, Alice Landry Boyer and Cheryl Landry Kokkinis.

**AFFIRMED.**